**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MATTHEW W. MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:26-cv-00248-SPM |
| | ) | |
| STEVE CANTANERY, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court following self-represented Plaintiff's response to the Court's show cause order. Doc. 5. For the following reasons, on initial review under 28 U.S.C. § 1915(e)(2), the Court dismisses Plaintiff's complaint for failure to state a plausible claim under the Violent Crimes in Aid of Racketeering statute.

**Background**

Plaintiff brings this civil action against Defendant Steve Cantanery, whom he identifies as a retired football player with the National Football League. Plaintiff alleges that Defendant "has been paid to take me out." Doc. 1 at 4. He states that he was attacked by Defendant in October 2014 at the Longshot Marina and in February 2015 at Ballpark Village. He claims Defendant kicked his knees, pushed his arms above his head, twisted his head back and broke his neck, twisted his feet

in both directions "to do damage to my hips and ankles," and bent his hands to damage his wrists. *Id.* at 5. He also alleges Defendant raped him. He seeks $300 million in damages and unspecified "stocks, bonds, and assets." *Id.*

On July 17, 2026, the Court issued an order to show cause, requiring Plaintiff to show cause why the Court should not dismiss this action for lack of subject matter jurisdiction. In response, Plaintiff alleges his complaint states a federal question and is brought under the Violent Crimes in Aid of Racketeering statute, 18 U.S.C. § 1959. Doc. 5. Plaintiff states "original jurisdiction for federal criminal offenses prosecuted by the United States is vested in the federal district courts." *Id.* "[T]he federal court maintains original jurisdiction because the federal statute creates the distinct crime and the federal nexus defines the offense." *Id.*

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous or malicious, or if it fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 678. "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The Court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (court not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that, "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). But even pro se complaints must "allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone*, 364 F.3d at 914-15 (federal courts not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). And "procedural rules in ordinary civil

litigation" need not be "interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

**Discussion**

Plaintiff's complaint will be dismissed for failure to plausibly state a claim under the Violent Crimes in Aid of Racketeering statute. To plausibly allege a civil RICO claim, a plaintiff must establish: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *H&Q Props., Inc. v. Doll*, 793 F.3d 852, 856 (8th Cir. 2015) (quoting *Nitro Distrib. Inc. v. Alticor, Inc.*, 565 F.3d 417, 428 (8th Cir. 2009)). Additionally, RICO claims are subject to the heightened pleading standard of Federal Rule 9(b). *See Crest Const. II, Inc. v. Doe*, 660 F.3d 346, 353 (8th Cir. 2011). "Rule 9(b) requires plaintiffs to plead the who, what, when, where, and how: the first paragraph of any newspaper story." *Id.* (quoting *Summerhill v. Terminix, Inc.*, 637 F.3d 877, 880 (8th Cir. 2011)).

Plaintiff has not established any of the four factors that would constitute a plausible RICO claim. Taking just the second element, Plaintiff has not alleged an enterprise An enterprise requires three elements: "(1) a common purpose that animates the individuals associated with it; (2) an ongoing organization with members who function as a continuing unit; and (3) an ascertainable structure

distinct from the conduct of a pattern of racketeering." *United States v. Lee*, 374 F.3d 637, 647 (8th Cir. 2004).

Plaintiff alleges he was attacked twice by Defendant. He does not allege any other individuals were involved. Doc. 1 at 5. Nor does he allege any pattern of activity as required for a RICO claim. To the extent Plaintiff is alleging criminal activity, he does not possess a legally cognizable interest in having another person arrested or charged with a crime, nor can this Court compel a criminal prosecution. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); *see also Pratt v. Helms*, 73 F.4th 592, 594 (8th Cir. 2023) (holding that crime victims lack standing to sue based on an official's failure to investigate).

For these reasons, the Court dismisses Plaintiff's complaint for failure to state a claim upon which relief may be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's action is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

An Order of Dismissal will accompany this Opinion, Memorandum and Order.

Dated this 17th day of September, 2026.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE